

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-7-2007

# Wu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1420

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Wu v. Atty Gen USA" (2007). *2007 Decisions.* Paper 989.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/989

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 06-1420

TIAN HUA WU,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

On Petition for Review of a Final Decision
of the Board of Immigration Appeals
BIA No. A73-175-068
Immigration Judge Donald V. Ferlise

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 7, 2007

Before: SMITH and GREENBERG, *Circuit Judges*,
and POLLAK, *District Judge**

(Filed: June 7, 2007 )

OPINION

_____

*The Honorable Louis H. Pollak, Senior District Judge for the Eastern
District of Pennsylvania, sitting by designation.

SMITH, *Circuit Judge.*

Tian Hua Wu petitions for review of an order by the Board of Immigration Appeals (BIA), which adopted and affirmed a decision by the Immigration Judge (IJ) denying Wu's untimely motion to reopen.[1]  For the reasons set forth below, we will deny the petition for review.

Wu entered the United States in December 1993.  He filed a timely application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) on May 5, 1994, alleging persecution on the basis of China's coercive population control policy.  Wu claimed that he and his wife had three children and that he had been fined because they had more than one child.  On June 12, 1996, Wu was personally served a notice to show cause why he should not be deported and he was directed to appear at a hearing before an IJ on January 23, 1997.  Despite the fact that Wu was personally served with notice of the date and time of the hearing, Wu failed to appear before the IJ.  As a result, the IJ concluded that Wu had abandoned his claim, and ordered Wu deported.

Eight years later, in April of 2005, Wu moved to reopen his deportation

---

[1]The IJ exercised jurisdiction pursuant to 8 C.F.R. §§ 208.2, 1208.2.  The BIA exercised appellate jurisdiction under 8 C.F.R. § 1003.1(b).  Because the denial of a motion to reopen is a final order, we have appellate jurisdiction under 8 U.S.C. § 1252(a).  *See Sevioan v. Ashcroft*, 290 F.3d 166, 171 (3d Cir. 2002).

proceeding. He asserted that, regardless of the untimeliness of his motion, the IJ could reopen his proceeding because his claim was based on China's coercive population control policy. Wu claimed that he was prima facie eligible for a grant of political asylum because of the fact that he had multiple children. He relied on *Matter of X-G-W*, 22 I. & N. Dec. 71 (BIA 1998), which had announced a new policy in the wake of a conflict between substantive provisions in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) and regulations regarding motions to reopen that pertain to finality in immigration decisions. *Id.* at 73. That new policy allowed aliens to pursue untimely motions to reopen if they were based on coercive population control policies.

The IJ denied Wu's motion to reopen as it was not accompanied by the requisite documentary evidence, and was untimely. In addition, the IJ concluded that Wu had failed to demonstrate a change in country conditions warranting reopening as the coercive population control policy was the basis of Wu's initial application for asylum. Prima facie eligibility for asylum was also lacking, the IJ explained, because there was no corroborating evidence that Wu had been married or that he had fathered the children he claimed. The IJ further explained that Wu's reliance on *Matter of X-G-W* was misplaced as it had been superseded by *In re G-C-L*, 23 I. & N. Dec. 359 (BIA 2002). In *G-C-L*, the BIA rescinded the policy of

3

allowing untimely motions to reopen based on coercive population control policies. The BIA explained in *In re G-C-L* that this policy was no longer warranted inasmuch as aliens had been afforded an opportunity to seek relief in the five years since the IIRIRA's enactment and the interests of finality in immigration proceedings took precedence. *Id.* at 362.

Wu appealed to the BIA. It adopted and affirmed the decision of the IJ. After noting the various grounds cited by the IJ for denying the motion to reopen, the BIA rejected Wu's contention that his untimely motion warranted sua sponte reopening. It found no merit in Wu's arguments.

Wu filed a timely petition for review.[2] He continues to rely on the *Matter of X-G-W* as authority for the relief he seeks and contends that the BIA erred by not recognizing that his multiple children make him prima facie eligible.[3]

We find no basis for granting the petition for review. Wu's reliance on

---

[2]We employ a bifurcated approach in reviewing the denial of a motion to reopen. *Korytnyuk v. Ashcroft*, 396 F.3d 272, 285 (3d Cir. 2005). We review any findings of fact for substantial evidence and the ultimate denial for an abuse of discretion. *Id.* at 280, 285. We may not disturb the BIA's decision unless it is found "to be 'arbitrary, irrational or contrary to law.'" *Tipu v. INS*, 20 F.3d 580, 582 (3d Cir. 1994) (citation omitted).

[3]Wu wisely does not challenge the BIA's refusal to sua sponte grant his motion to reopen. *See Calle-Vujiles v. Ashcroft*, 320 F.3d 472 (3d Cir. 2003) (concluding that we lack jurisdiction to review a denial by BIA to sua sponte grant a motion to reopen under 8 C.F.R. § 1003.2(a)).

*Matter of X-G-W* is misplaced. It was superceded by *In re G-C-L*. As a result, the policy announced in *Matter of X-G-W* of liberally reopening an alien's asylum proceeding based on a coercive population control policy does not apply to Wu's motion to reopen, which was filed in 2005 after the BIA rescinded the policy in *In re G-C-L*. Wu asserts that his multiple children make him prima facie eligible for asylum. The BIA, however, acknowledged the IJ's finding that there was no evidence that Wu had multiple children, and therefore concluded that there was no merit to Wu's claim. This determination was not an abuse of discretion. The record contains no more support for this claim than Wu's asylum application listing three names as children. The age and gender of these alleged children, as the IJ noted, were never mentioned or provided.

Because the BIA did not err in affirming the IJ's denial of Wu's motion to reopen, we will deny the petition for review.